Matter of the Estate of LEWIS RADFORD, Deceased.

(Surrogate's Court, New York County, February, 1918.)

Transfer tax — who not subject to — trusts — Surrogate's Court — life tenants — wills.

> Decedent, who died in 1899, gave one-half of his estate in trust for the benefit of a daughter during her life, the remainder to be divided between his son and another daughter, or their issue.  The son died before the life tenant leaving him surviving three children and under a decree of the Surrogate's Court one-half of the remainder after the life estate was paid to said children.  *Held*, that the tax on this transfer having been assessed and paid it was not subject to a further tax even though the persons who were the ultimate beneficiaries were not those mentioned in the taxing order.

APPLICATION for an order declaring exempt from taxation amounts paid to certain grandchildren of decedent.

Burlock E. Rabell, for petitioner.

Caldwell & Banister, for Mary R. Burtis.

Lafayette B. Gleason, for state comptroller.

FOWLER, S.   This is an application for an order declaring exempt from taxation the amounts paid to certain grandchildren of the decedent in accordance with the decree of this court construing the will of the decedent and settling the accounts of the trustee.   The decedent died in 1899.   He gave one-half of his estate in trust for the benefit of his daughter Sarah C. Doty, during her life, the remainder to be divided between his children, William L. Radford and Carrie Westerfield, or their issue.   An order was entered assessing a tax upon the entire estate and the remainder after the

life estate of Sarah C. Doty was taxed against William L. Radford and Carrie Westerfield, each being assessed one-half of the value of the remainder. William L. Radford died before the life tenant, leaving three children him surviving, and by decree of this court one-half of the remainder after the life estate of Sarah C. Doty was paid to the children of William L. Radford. They now ask that their interests be declared exempt from taxation. The property which has been paid to them passed under the will of the decedent herein and the tax on this transfer was assessed and determined by the order entered on the 18th day of January, 1901. It is not, therefore, exempt from taxation, but the tax having been assessed and paid no further tax is assessable upon its transfer, even though the persons who were the ultimate beneficiaries were not those mentioned in the taxing order. The application is therefore denied.

Application denied.